IH-32                                                                                           Rev: 2014-1

# United States District Court
## for the
## Southern District of New York
### Related Case Statement

---

#### Full Caption of Later Filed Case:

Securities and Exchange Commission

| Plaintiff | Case Number |
|---|---|
| vs. | |
| Infinity Q Diversified Alpha Fund | |
| Defendant | |

#### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Securities and Exchange Commission

| Plaintiff | Case Number |
|---|---|
| vs. | 22-cv-01346 (PKC) |
| James Velissaris | |
| Defendant | |

IH-32 Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed  (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision.  Also, state whether there is an appeal pending.)

☑ Open  (If so, set forth procedural status and summarize any court rulings.)

On February 17, 2022, Plaintiff Securities and Exchange Commission (the "Commission") filed its complaint against defendant James Velissaris ("Velissaris"). On March 30, 2022, Judge Castel stayed the Commission's action against Velissaris, upon the motion of the United States Attorney's Office for the Southern District of New York, pending the conclusion of that office's related criminal trial against Velissaris, United States v. Velissaris, 22 Cr. 105 (DLC).

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The newly-filed case alleges that from at least February 2017 through February 2021 the Infinity Q Diversified Alpha Fund's (the "Mutual Fund's") NAVs were materially and falsely inflated due to the mismarking of its NAVs by James Velissaris, the Chief Investment Officer of Infinity Q Capital Management, LLC, investment adviser to the Mutual Fund. Velissaris allegedly mismarked the Mutual Fund's NAVs in order to inflate the reported value of the Mutual Fund to investors, to attract and retain capital, and to increase his own compensation. As a result of the mismarking, investors in the Mutual Fund allegedly purchased and sold their holdings in the Mutual Fund at materially false valuations during the relevant period.

In the earlier case, the Commission alleges (in relevant part) that Velissaris actively manipulated the valuation models available from a certain third-party pricing service and altered inputs to mask the poor performance of the Mutual Fund and hedge fund that Infinity Q advised. This scheme allowed the Infinity Q funds to attract investor funds and keep investors from redeeming their investments and allowed Velissaris to enrich himself through performance and management fees.

In another earlier-filed related matter that is pending before Judge Castel, the SEC commenced a civil action against Infinity Q's Chief Risk Officer and Chief Compliance Officer for his role in the mismarking scheme. See SEC v. Lindell, 22 Civ. 08368 (S.D.N.Y.).

Signature: _Andrew Dean_  Date: 11/10/22

US Securities and Exchange Commission

Firm: _____