

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

November 16, 2022

Application GRANTED
File no motion written
21 days. SO ORDERED
[signature] USDJ
11-17-22

**FILED BY ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: SEC v. Infinity Q Diversified Alpha Fund, No. 22 Civ. 9608 (PKC) [rel No. 22 Civ. 1346 (PKC)]

Dear Judge Castel:

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this letter to seek approval of the parties' proposed consent judgment. The Commission and Defendant Infinity Q Diversified Alpha Fund ("Defendant" or the "Mutual Fund") have reached a settlement that would (1) resolve the injunctive relief the Commission seeks in this case; and (2) provide for the appointment of a special master pursuant to Federal Rule of Civil Procedure 53 to, among other things, oversee expenses paid from the Mutual Fund and to administer a process to return the remaining assets held by the Mutual Fund to harmed investors. The proposed judgment and the Mutual Fund's signed consent have been filed on ECF in connection with this matter. (D.E. 6.)

The proposed consent judgment is fair and reasonable and does not disserve the public interest, under *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014). Among other things, the judgment would permanently enjoin the Mutual Fund, which continues to hold hundreds of millions of dollars, from committing violations of the federal securities laws that the Commission has charged it with, namely, the failure to calculate a fair market value NAV. Accordingly, the Commission therefore respectfully requests that the Court approve the proposed consent judgment and docket it with the Mutual Fund's signed consent. (D.E. 6.)

We also respectfully request that the Court waive the requirement of filing a pre-motion letter before the Commission files a consented-to motion for an order appointing a special master and imposing a litigation injunction in this case (the "Proposed Special Master Order"). As noted above, the purpose of the special master will be to administer a claims and distribution process for the assets held by the Mutual Fund, and the purpose of the accompanying litigation injunction will be to centralize all claims to those remaining assets in this case. The Mutual Fund consents

Hon. P. Kevin Castel
November 16, 2022
Page 2

to entry of the Proposed Special Master Order, and counsel to the plaintiffs in the only two pending actions that would be stayed by the litigation injunction in the Proposed Special Master Order, and who are cc'd below, have advised the Commission that they have no objection to entry of the Proposed Special Master Order at this time. Because all parties who may have an interest in the Proposed Special Master Order either consent to entry of the order or do not object to entry of the order at this time, the Commission respectfully requests that the Court waive the pre-motion letter requirement for this motion.

                                          Respectfully submitted,

                                          David H. Tutor
                                          Senior Counsel
                                          Division of Enforcement

cc:    Counsel for Defendant, Ivan P. Harris, Esq. (by email)
        Counsel for Oak Financial Group, Inc., Steven M. Kaplan, Esq. (by email)
        Counsel for Charles Sherck, Aaron T. Morris, Esq. (by email)