# Morgan Lewis

**Susan F. DiCicco**
Partner
+1.212.309.6640
susan.dicicco@morganlewis.com

February 15, 2023

**VIA ECF**

Honorable P. Kevin Castel
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *SEC v. Infinity Q Diversified Alpha Fund; No. 22 Civ. 09608 (PKC)*

Dear Judge Castel:

We represent defendant Infinity Q Diversified Alpha Fund (the "Fund"), a series of Trust for Advised Portfolios ("TAP").[1] We write to correct several factual errors set forth in the February 9, 2023 letter (the "Letter") from Lawrence Rolnick, Esq. on behalf of certain shareholders in the Fund (the "Opt-Out Plaintiffs"). There are no scheduled Court conferences in this action.

At all relevant times, the Fund was and is governed by a Board of Trustees (the "Board"), the majority of which is comprised of independent trustees.[2] None of the independent trustees was or is an employee of U.S. Bancorp Fund Services LLC ("USBFS") or U.S. Bank ("U.S. Bank"). The Board also includes one other trustee that is an employee of USBFS, and at no time has more than one trustee been an employee of USBFS.

---

[1]  We represent TAP and certain TAP officers in the pending securities class actions pending in New York state court and federal district court in the Eastern District of New York, and we are also counsel to these same defendants in the actions filed in late December 2022 by the Opt-Out Plaintiffs.

[2]  The Fund's governing documents are available on Edgar. *See, e.g.,* TAP's Declaration of Trust, amended as of August 14, 2020 ("Declaration of Trust") available at: https://www.sec.gov/Archives/edgar/data/1261788/000089418920008609/exa7tapdeclarationoftr.htm. The Fund's independent trustees are identified at page 49 in https://www.sec.gov/Archives/edgar/data/1261788/000110465920122600/tm2033418d2_ncsr.htm.

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060
United States

☎ +1.212.309.6000
📠 +1.212.309.6001

Honorable P. Kevin Castel
February 15, 2023
Page 2

The Letter incorrectly attributes decisions and actions of the Fund by and through its Board to USBFS and/or U.S. Bank. For instance, the Letter states USBFS selected the Fund's auditor EisnerAmper LLP and its "underwriter" Quasar Distributors, LLC. This is incorrect. TAP's Board, comprised of a majority of independent trustees, selected EisnerAmper LLP as the Fund's independent public accountant and Quasar Distributors, LLC ("Quasar") as the distributor. Indeed, the publicly-filed agreement with Quasar states: "this Agreement has been approved by a vote of the Trust's board of trustees. . . ."[3]

The Letter also mistakenly attributes to U.S. Bank a number of actions taken by the Board in connection with the Fund's liquidation. The Fund was managed by an unaffiliated investment adviser, Infinity Q Capital Management LLC ("IQCM"). Upon learning of IQCM's Chief Investment Officer's mis-valuation of Fund assets, TAP on behalf of the Fund sought and obtained an order from the Securities and Exchange Commission ("SEC") suspending redemptions in the Fund and imposing restrictions on the Fund's operations (the "SEC Order").[4] The SEC Order required that the Board would, among other things, create a plan of distribution (the "Distribution Plan") for making payments to shareholders, submit the Distribution Plan to the Staff of the SEC's Investment Management Division within 90 days, and subject the Distribution Plan to the SEC's supervision. *Id.* The Board complied with all of these requirements, and posted documents relating to these actions on the website dedicated to the Fund's liquidation.[5]

Despite having access to these documents, the Opt-Out Plaintiffs wrongly attempt to fault U.S. Bank for not "immediately" distributing the Fund's assets post-liquidation. In reality, neither U.S. Bank nor USBFS had any role in formulating the Distribution Plan. Pursuant to the Distribution Plan, the Board approved and commenced an initial interim distribution of $500 million to shareholders in December 2021 and a second interim distribution of $170 million in April 2022. In short, the Distribution Plan was not proposed or developed by U.S. Bank or USBFS, and the timing and amount of these interim distributions were determined by the Board, after consultation with the SEC Staff.

The Board also selects and appoints any new trustees,[6] as was the case when the Board selected Mr. Calamari to serve as a Series Trustee of the Fund and appointed him to the Special Litigation Committee ("SLC") to investigate claims the Fund may have against third parties.

---

[3]  *See* Distribution Agreement, dated September 11, 2014, available at https://www.sec.gov/Archives/edgar/data/1261788/000089418914004631/dist_agmnt.htm.

[4]  *See* SEC Order, dated February 22, 2021, available at https://www.infinityqfundliquidation.com/cases/q%20proposal/sec%20order.pdf.

[5]  TAP posted on its website for shareholder review the proposed Distribution Plan in June 2021, as well as the revised plan in November 2021. It also regularly posts announcements of distributions and other details. *See* https://www.infinityqfundliquidation.com/. The Fund's website is maintained by the Fund and its Board, and not U.S. Bank or USBFS. Counsel for the Opt-Out Plaintiffs is familiar with the Fund website as it refers to the Fund's announcements in its complaints.

[6]  *See* n.2 (Declaration of Trust, at Article 3).

Honorable P. Kevin Castel
February 15, 2023
Page 3

The Letter repeatedly states that Mr. Calamari has "ties to U.S. Bank" (Letter at 1, 3, 5), but the Letter identifies no basis for this representation other than to state wrongly that U.S. Bank appointed him as trustee and to the SLC. (Letter at 2.) The Fund's website reflects that the Board appointed Mr. Calamari.[7] TAP knows of no ties between Mr. Calamari and U.S. Bank or USBFS.

The Letter also wrongly contends that the Fund did not notify investors about the proposed injunction. (Letter at 3.) On November 10, 2022, the SEC commenced this action, which garnered press coverage. That same day, the Fund updated its website to announce the proposed settlement with the SEC and posted copies of the Complaint and Consent Judgment.[8] The proposed Consent Judgment expressly states "this Court shall appoint a special master to carry out the duties set forth in the Consented to Order Appointing Special Master and Imposing Litigation Injunction."[9] The SEC thereafter filed its motion for entry of the Consented to Order, the title of which makes plain that it includes a litigation injunction, which motion states expressly that "anyone opting out of the Class Action would be enjoined by the litigation injunction from bringing an action against the Fund outside of the claims process contemplated by the Proposed Order." ECF No. 11.

The Letter erroneously states that the Opt-Out Plaintiffs "do not seek to interfere with, or obtain a judgment against, the Special Reserve over which this Court and the Special Master have taken jurisdiction." (Letter at 4.) The Fund's only assets are the Special Reserve. (*Id*. at 3.) The Letter fails to mention that the Opt-Out Plaintiffs asserted claims against TAP relating to the Fund and therefore necessarily seek a judgment against the Fund's assets (as well as its trustees, officers, other indemnitees and other defendants).[10]

---

[7] *See* Fund Announcement, available at: https://www.infinityqfundliquidation.com/cases/q%20proposal/slc%20announcement.pdf.

[8] *See* Fund Statement Regarding SEC Settlement, available at: https://www.infinityqfundliquidation.com/cases/infinity%20q/fund%27s%20statement%20regarding%20sec%20settlement.pdf.

[9] *See* Proposed Consent Judgment, available at: https://www.infinityqfundliquidation.com/cases/infinity%20q/judgment%20on%20consent.pdf.

[10] *See, e.g.,* Complaint, *The Glenmede Trust Company, N.A. v. Infinity Q Capital Mgmt. LLC, et al.*, Index No. 160830/2022 (N.Y. Cnty. Sup. Ct., Comm. Div.) (Dec. 19, 2022).

Honorable P. Kevin Castel
February 15, 2023
Page 4

At this time, we write only to correct the factual record given the material errors in the Letter. However, the Fund strenuously disagrees with the legal arguments put forth in the Letter and reserves the right to address them at the appropriate time.

Respectfully submitted,

*Susan F. DiCicco*

Susan F. DiCicco

cc:     All counsel of record via ECF