# Morgan Lewis

**Susan F. DiCicco**
Partner
+1.212.309.6640
susan.dicicco@morganlewis.com

March 10, 2023

**VIA ECF**

Honorable P. Kevin Castel
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *SEC v. Infinity Q Diversified Alpha Fund*, No. 22 Civ. 09608 (PKC)

Dear Judge Castel:

We represent defendant Infinity Q Diversified Alpha Fund (the "Fund"), a series of Trust for Advised Portfolios ("TAP").[1] On February 24, 2023, certain Fund shareholders (the "Opt-Out Plaintiffs") made a Motion to Intervene (ECF 34) (the "Motion"). Although the Fund understands the Securities and Exchange Commission (the "SEC") will address the Motion, we write to rebut several factual misstatements in the Motion that the Fund believes should not be left unanswered. There are no scheduled Court conferences in this action.

Prior to filing the Motion, the Opt-Out Plaintiffs submitted a pre-motion letter (ECF 23). In response, the Fund filed a letter to provide publicly-available documents that refuted several of the Opt-Out Plaintiffs' material allegations. ECF 29 (the "February 15 Letter"). Undeterred, the Opt-Out Plaintiffs repeat many of their same misstatements in the Motion. We do not repeat here the facts addressed in the February 15 Letter. Instead, we address below a non-exhaustive list of other misstatements set forth in the Motion.

The Motion repeatedly ignores the operative documents relating to the Fund in an effort to falsely contend that U.S. Bank directed the actions of the Fund and its Board of Trustees (the "Board") and that the Board members were "U.S. Bank's agents." ECF 34, *passim*. The Fund is governed by the Board, the majority of which is comprised of independent trustees. Publicly available documents easily refute the Opt-Out Plaintiffs' ipse dixit assertion that U.S. Bancorp

---

[1] We represent TAP and certain TAP officers in the securities class actions pending in New York state court and federal district court in the Eastern District of New York, as well as the actions the Opt-Out Plaintiffs filed in December 2022 (the "Opt-Out Cases").

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060
United States

T +1.212.309.6000
F +1.212.309.6001

Honorable P. Kevin Castel
March 10, 2023
Page 2

Fund Services LLC ("USBFS") or U.S. Bank appointed the Board's trustees.  *See* ECF 34, at 5-6.  Not only do U.S. Bank and USBFS lack such authority, but a simple chronological fact refutes the Motion's claim:  the three independent trustees who are named as defendants in the securities class actions and the Opt-Out Cases were independent trustees of the trust since at least 2012, which is *years* before USBFS began serving as administrator to TAP and U.S. Bank became TAP's custodian.[2]

The Motion also incorrectly states that U.S. Bank hired Mr. Calamari as a trustee.  ECF 34, at 8.  The Board, not U.S. Bank, selected and appointed Mr. Calamari to serve as a Series Trustee and as Chair of the Special Litigation Committee ("SLC") the Board formed to investigate the Fund's potential claims.  *See* ECF 15, at 3 (Order Appointing Special Master); ECF 29, at 2.  The Fund's December 21, 2021 announcement of the creation of the SLC and appointment of Mr. Calamari as Series Trustee highlighted, among other things, that he "is a veteran securities lawyer who served from 2012 to 2017 as the Director of the New York Regional Office of the Securities and Exchange Commission."[3]

The Motion also states that U.S. Bank "manages all operations, governance, servicing, and administration" of the Fund.  ECF 34, at 5-6.  This too is false.  Infinity Q Capital Management, an unaffiliated investment adviser, was "primarily responsible for the day-to-day management of the Fund,"[4] and USBFS "d[id] not have any responsibility or authority for the management of the Fund."[5]  The Board retained USBFS as administrator and accountant.[6]  U.S. Bank's only role was as custodian.[7]

---

[2] The trust was formed August 28, 2003.  *See* https://www.sec.gov/Archives/edgar/data/1261788/000114420413004835/v333043_485bpos.htm.  In 2011 and 2012, when the three defendant independent trustees began serving as trustees, the trust was named Ziegler Capital Management Investment Trust.  *Id.*  UMB Fund Services was the administrator (*id.*), and neither USBFS nor U.S. Bank had any role with the trust.  As of January 1, 2014, the Board changed the trust's name to TAP and retained USBFS as administrator.  *See* https://www.sec.gov/Archives/edgar/data/1261788/000089418913006435/ziegler_497e.htm.

[3] Fund Announcement, available at: https://www.infinityqfundliquidation.com/cases/infinity%20q/2023.03.01%20slc%20announcement.pdf

[4] The Fund's public filings make clear that IQCM's officers were "primarily responsible for the day-to-day management of the Fund" since its inception in 2014.  *See* Infinity Q Diversified Alpha Fund Summary Prospectus, dated December 31, 2019, available at: https://www.sec.gov/Archives/edgar/data/1261788/000089418919008596/infinityqdiversifiedalphaf.htm.

[5] *See* Infinity Q Diversified Alpha Fund Prospectus, dated December 31, 2019, available at: https://www.sec.gov/Archives/edgar/data/1261788/000089418919008595/infinityq485bdoc.htm.

[6] *See, e.g.*, TAP agreement with USBFS, dated as of January 1, 2014, available at: https://www.sec.gov/Archives/edgar/data/1261788/000089418914000178/fund_admin.htm .

[7] *See, e.g.*, TAP agreement with U.S. Bank, dated as of January 1, 2014, available at: https://www.sec.gov/Archives/edgar/data/1261788/000089418914000178/cust_agmt.htm.

Honorable P. Kevin Castel
March 10, 2023
Page 3

This Court's Order (ECF 15) refutes the Opt-Out Plaintiffs' false claims that U.S. Bank caused the Fund to negotiate a settlement with the SEC and that an individual trustee negotiated the settlement with the SEC. ECF 34, at 3, 10. As the Order states, "*the Board* and the Commission . . . consent to the appointment of a special master." ECF 15, at 5 (emphasis added). It was the Board – and not USBFS or U.S. Bank – that considered the proposed settlement with the SEC and determined it was in the best interests of the Fund and its shareholders. Indeed, the Fund's Final Judgment on Consent (ECF 8) includes a copy of the Board's resolution authorizing Mr. Kashmerick to execute the necessary documentation on the Fund's behalf.

At this time, we write only to provide certain corrections to the factual record given the material errors in the Motion. However, the Fund strenuously disagrees with the legal arguments and relief sought in the Motion and reserves the right to address them at the appropriate time.

Respectfully submitted,

*Susan F. Di Cicco*

Susan F. DiCicco

cc:    All counsel of record via ECF