UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

22-cv-9608 (PKC)

-against-                                                    ORDER

INFINITY Q DIVERSIFIED ALPHA FUND,

Defendant.
--------------------------------------------------------------x

CASTEL, U.S.D.J.

The Special Master has filed a "Professional Payment Notice" dated February 26, 2026. (ECF 199), the Mutual Fund Opt-Out Plaintiffs (the "Opt-Outs") have objected (ECF 201), the Special Master has responded to the objection (ECF 202), as has one of the proposed payees, the Trust for Advised Portfolios ("TAP"). (ECF 203 & 204).

The payment notice proposes to pay fees and expenses for December 2025 invoiced by counsel for TAP in the amount of $22,793.39 and for December 2025 and January 2026 invoiced by counsel to Quasar in the amount of $23,644.00. The Special Master has reviewed the invoices and concluded that they are valid and good faith obligations of the fund.

The Opt-Outs object to both describing the Special Master's treatment of the Special Reseve as "a feeding trough" or as either "extravagant" or "massive." This Court disagrees. The proposed fees are neither massive nor extravagant. TAP's counsel has spent 16 hours during the billing period which it has broken into three categories, identifying the time

spent and a general description of the activity. (Selman Decl. at ¶5; ECF 203.)   Quasar's counsel

seeks fees for 12 hours in December and 5.60 hours in January. The work was necessarily

incurred in monitoring litigation that presents potential exposure if the Opt Outs appeal of this

Court's injunction Order is successful and the monitoring of the appeal itself.

In support of payment, the Special Master notes:

With respect to the Davis Wright invoices at issue, the attorneys' fees and costs incurred on behalf of Quasar fall within the scope of the Fund's indemnification and advancement obligations under the Distribution Agreement. The OptOut Plaintiffs' Objection fails to show how any of Davis Wright's fees fall outside the scope of the Fund's broad indemnification obligation to Quasar. And with respect to the Morgan Lewis invoices at issue, the Opt-Out Plaintiffs fail to substantiate their speculative claim that Morgan Lewis' fees are inappropriate in any manner. The Special Master reviewed unredacted versions of those invoices and concluded that (1) the attorneys' fees and costs incurred on behalf of TAP are valid and good faith obligations of the Fund, and (2) the redactions appear to be appropriate to protect TAP's privileged information and attorney work product.

(ECF 202.)

The Court has reviewed the entirety of the fee and expense invoices of counsel for

Quasar as well as counsel for the TAP taking into account the Opt-Outs objections. The Court

finds the fees and expenses to be reasonable, as to hours spent and hourly rates and costs and

other expenses.

The objections are overruled. The Special Master may proceed with payment of

expenses set forth in Professional Payment Notice of February 26, 2026. (ECF 199.)

- 3 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      April 1, 2026